| | |
|---|---|
| 1 | KAREN P. HEWITT |
| | United States Attorney |
| 2 | SAMUEL W. BETTWY |
| | Assistant U.S. Attorney |
| 3 | California State Bar No. 94918 |
| | U.S. Attorney's Office |
| 4 | Federal Office Building |
| | 880 Front Street, Room 6293 |
| 5 | San Diego, California  92101-8893 |
| | Telephone:  (619) 557-7119 |
| 6 | |
| | Attorneys for Defendants |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARASH BEHZAD, | ) | No. 08cv0222 IEG (AJB) |
| [A046 770 788] | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ANSWER TO COMPLAINT |
| | ) | |
| PAUL M. PIERRE, District Director, | ) | |
| San Diego District, U.S. Citizenship | ) | |
| and Immigration Services, et al., | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW the Defendants, by and through their attorneys, Karen P. Hewitt, United States Attorney, and Samuel W. Bettwy, Assistant United States Attorney, and hereby file this Answer to Plaintiff's Complaint:

1. Answering the first and third sentences of Paragraph 1 of the Complaint, Defendants admit the substantial truth of the allegations contained therein, except that CIS records reflect that the naturalization application was filed on August 30, 2004. Answering the second sentence of Paragraph 1 of the Complaint, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation therein.

///

2.  Answering Paragraph 2 of the Complaint, Defendants admit the substantial truth of the allegations contained therein, except that, regarding allegations concerning applicable law, Defendants affirmatively allege that such allegations present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required; to the extent that an answer is required, such allegations are denied.

3.  Answering Paragraph 3 of the Complaint, Defendants deny each, all and every allegation therein insofar as Plaintiff's naturalization application will be adjudicated by the San Diego CIS office once the FBI has completed its background investigation. Paul M. Pierre has been substituted for Jane Arellano as lead party Plaintiff, in his official capacity only.

4.  Answering Paragraph 4 of the Complaint, Defendants affirmatively allege that said paragraph contains allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied, except that it is admitted that CIS administers certain portions of the Immigration and Nationality Act of 1952, as amended.

5.  Answering Paragraph 5 of the Complaint, Defendants affirmatively allege that said paragraph contains allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied, except that Defendants are proceeding as if the Court has taken exclusive final adjudicative jurisdiction under 8 U.S.C. § 1447(b).

///
///
///

6. Answering Paragraph 6 of the Complaint, Defendants affirmatively allege that said paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that an answer is required, each, all and every allegation contained in said paragraph is denied.

7. Answering Paragraph 7 of the Complaint, Defendants deny each, all and every allegation therein insofar as this case has been transferred to this judicial district based upon a determination or stipulation that venue lies within this judicial district.

8. Answering Paragraph 8 of the Complaint, Defendants deny each, all and every allegation therein, except that it is admitted that the naturalization application was filed in August 2004, that the initial interview was conducted on or about April 4, 2004, and that the naturalization application has not yet been adjudicated.

9. Answering the first sentence of Paragraph 9 of the Complaint, Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, deny, generally and specifically, each, all and every allegation therein. Answering the second sentence of Paragraph 9 of the Complaint, Defendants deny each, all and every allegation therein.

10. Answering Paragraph 10 of the Complaint, Defendants deny each, all and every allegation therein, except that it is admitted that Defendants have not completed adjudication of the naturalization application.

11. Answering Paragraph 11 of the Complaint, Defendants deny each, all and every allegation therein, except that it is admitted that CIS has adjudicated naturalization applications which were filed subsequent to Plaintiff's and/or whose initial interviews were subsequent to Plaintiff's initial interview.

12. Answering Paragraph 12 of the Complaint, Defendants deny each, all and every allegation therein.

13. Answering Paragraph 13 of the Complaint, Defendants deny each, all and every allegation therein.

14. Answering Paragraph 14 of the Complaint, Defendants deny each, all and every allegation therein.

15. Answering Paragraph 15 of the Complaint, Defendants deny each, all and every allegation therein.

Defendants deny all other allegations of Plaintiff's Complaint not specifically admitted.

The remainder of Plaintiff's Complaint represents a Prayer for Relief to which no responsive pleading is required. To the extent that the Prayer for Relief is deemed to allege facts to which a response is required, Defendants deny the allegations.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant U.S. Citizenship and Immigration Services ("CIS") is adjudicating Plaintiff's naturalization application in the normal course of business.

2. Defendants have failed to state a cause of action for which relief can be granted in that CIS is statutorily prohibited from finally adjudicating Plaintiff's naturalization application before FBI has completed its background investigation, and the Court cannot not and/or should not order the FBI to complete its investigation by a date certain.

3. Proper venue, sufficient process and/or sufficient service of process are/is not waived.

///

///

///

1  WHEREFORE, the Defendants pray that Plaintiff take nothing by reason of his
2  suit herein, that judgment be rendered in favor of said Defendants, for costs of suit
3  herein incurred, and for such other and further relief as this Court may deem proper.
4  DATED:  March 10, 2008

>KAREN P. HEWITT
>United States Attorney
>
>s/ *Samuel W. Bettwy*
>
>SAMUEL W. BETTWY
>Assistant U.S. Attorney